Tyson v. Winstead

HUBERT N. TYSON AND WIFE, PEARL W. TYSON v. JAMES
EDWARD WINSTEAD

No. 727DC472

(Filed 2 August 1972)

Trespass § 7— wrongful removal of timber — title to property — suf-
ficiency of evidence

   In an action to recover damages for the wrongful cutting and
removal of timber, plaintiffs' evidence was sufficient to support a
jury finding that plaintiffs were the owners of the property in ques-
tion, and the evidence of trespass and cutting of timber thereon by
defendant was sufficient to support an award of double damages
to plaintiffs. G.S. 1-539.1.

APPEAL by defendant from *Carlton, District Judge*, 29 No-
vember 1871 Session of District Court held in NASH County.

Plaintiffs alleged that during March and April 1968 the
defendant entered upon the lands of plaintiffs and cut and
removed therefrom wood and timber valued at $350, and asked
for the recovery of double that amount in damages under the
provisions of G.S. 1-539.1. Defendant answered and denied
plaintiffs were the owners of the land in question and also de-
nied cutting timber on such land. Upon the trial, the jury
found that the plaintiffs were the owners of the land in ques-
tion and that the defendant, without the consent of the plain-
tiffs, had cut and removed timber therefrom of the value of
$350. Judgment was entered against defendant for $700 in
double damages under the provisions of G.S. 1-539.1 and the
defendant appealed to the Court of Appeals.

*Fields, Cooper & Henderson by Milton P. Fields for plain-
tiff appellees.*

*Moore & Diedrick by George C. Whittaker for defendant
appellant.*

MALLARD, Chief Judge.

Defendant has four assignments of error, all based upon
his contention that the plaintiffs did not introduce sufficient
evidence from which it could be found that the plaintiffs were
the owners of the property in question. Therefore, the sole
question for decision in this case is whether the plaintiffs

offered evidence sufficient to support the finding by the jury that the plaintiffs were the owners of the property in question.

This action was instituted 9 February 1971. Plaintiffs' evidence tended to show, when viewed in the light most favorable to them, a proper identification of the lands involved herein, a trespass and cutting of timber by the defendant, and an unbroken chain of title to the lands involved in this action from 27 January 1939, the date of a deed from I. T. Valentine, Commissioner to G. M. Strickland, which was duly filed for registration in Nash County on 27 January 1939.

All of the deeds in the plaintiffs' chain of title accurately describe the land involved by metes and bounds. The evidence, taken in the light most favorable to plaintiffs, tended to show that the lands were conveyed to the plaintiffs by deed dated 10 January 1963, filed for registration in Nash County on 16 January 1963, and recorded in Book 762, page 181, and that plaintiffs had been in possession thereof since that date. We hold that the evidence of plaintiffs' ownership of the property was sufficient to support a finding by the jury that the plaintiffs were the owners of the property in question and the evidence of the trespass and cutting of timber thereon by the defendant was sufficient to support the award of damages to plaintiffs.

In the trial we find no prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.